UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER L. YATES,

Plaintiff,

v.

UNKNOWN COLLINS et al.,

Defendants.

Case No. 1:26-cv-1517

Honorable Paul L. Maloney

# OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff leave to proceed *in forma pauperis*.

Under Rule 21 of the Federal Rules of Civil Procedure, a court may at any time, with or without motion, add or drop a party for misjoinder or nonjoinder. Fed. R. Civ. P. 21. Applying this standard regarding joinder, the Court will drop as misjoined Defendant Ahmed and Defendant McLain. The Court will dismiss Plaintiff's claims against the misjoined Defendants without prejudice.

Further, under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these

standards, the Court will partially dismiss Plaintiff's complaint against remaining Defendants Collins and Mohammed for failure to state a claim as detailed below.

## **Discussion**

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Jackson County, Michigan. (Letter, ECF No. 10, PageID.9.) The events about which he complains occurred while Plaintiff was being transferred from the Charles Egeler Reception & Guidance Center (RGC) in Jackson, Jackson County, Michigan,[1] to the Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan, and at LCF. (Compl., ECF No. 1, PageID.6.) Plaintiff sues LCF Correctional Officers Unknown Collins, Unknown Mohammad, Lieutenant Unknown McLain, and Unknown Ahmed.

In Plaintiff's complaint, he alleges that on September 26, 2025, between approximately 11:30 p.m. and 12:30 a.m., Plaintiff was in a van being transferred from RGC to LCF. (*Id.*) Plaintiff alleges that while Defendant Collins was driving the van, Collins was "playing with the music and other devices [and] had to quickly slam on the brakes because he was tailgating the car in front of him."[2] (*Id.*) Plaintiff states that he did not have a seatbelt on because the officers did not buckle his seatbelt, and due to being in belly chains and handcuffs, Plaintiff could not buckle the seatbelt himself. (*Id.*) Thus, when Defendant Collins slammed on the brakes, Plaintiff alleges he was "thrown from [his] seat head first into the plexiglass so hard that [Plaintiff's] hearing aids popped

---

[1] Plaintiff uses the acronym "RGC" when referring to the correctional facility in Jackson, Michigan that Plaintiff was being transferred from at the time of the events detailed in his complaint. (*See* Compl., ECF No. 1, PageID.9.) RGC is the acronym for the Charles E. Egeler Reception and Guidance Center in Jackson, Michigan.

[2] In this opinion, the Court corrects the spelling, capitalization, and punctuation in quotations from Plaintiff's complaint.

[out] from [his] ears." (*Id.*) Defendant Collins pulled over. (*Id.*) Defendant Collins and Defendant Mohammad found Plaintiff on the floor of the van "some what responsive dealing with abdominal pains and other medical problems." (*Id.*) Plaintiff requested an ambulance, but Plaintiff asserts Defendants Collins and Mohammad refused to call an ambulance or assess Plaintiff's injuries. (*Id.*) Plaintiff contends that Defendants Collins and Mohammad "made no efforts to issue [Plaintiff] first aid." (*Id.*, PageID.7.) Defendants Collins and Mohammad moved Plaintiff back in his seat and tightened his seatbelt which Plaintiff asserts caused him more stomach pain due to being in belly chains. (*Id.*, PageID.6) Plaintiff asserts that Defendants Collins and Mohammad were not transportation officers or trained as transportation officers. (*Id.*, PageID.7.) Plaintiff alleges that Defendants Collins and Mohammad did not "follow the proper procedure and protocol for an accident," and never filed an accident report. (*Id.*, PageID.16.) Plaintiff further alleges that Defendants' failure to fasten Plaintiff's seatbelt was a civil infraction under Michigan law. (*Id.*, PageID.17.)

After arriving at LCF, Plaintiff was evaluated by healthcare and then rushed to the emergency room at a hospital in Coldwater, Michigan. (*Id.*, PageID.7.) Plaintiff was examined by a doctor and underwent a CAT scan. (*Id.*) Plaintiff was told he had a concussion that could last seven weeks to one year, and that his hernia "popped out" due to the accident. (*Id.*) Plaintiff's complaint also indicates he suffered unspecified injuries to his back and shoulder. (*Id.*, PageID.20.) Medical staff at LCF treated Plaintiff with ice and medications. (*Id.*, PageID.7.) Plaintiff asserts that he still suffers from painful headaches and blurry vision. (*Id.*) Additionally, Plaintiff is scheduled for consultations for cataracts and a future hernia operation. (*Id.*)

On September 28, 2025, Plaintiff filed a grievance against Defendants Collins and Mohammad regarding the van accident. (*Id.*, PageID.8.) Plaintiff claims that non-party Grievance

Coordinator "T. Rhinard" held on to Plaintiff's grievance for days and then rejected it stating that, "Grievances regarding issues at another facility need to be address[ed] with that facility." (*Id.*) Plaintiff claims that Rhinard knew that Defendants Collins and Mohammad worked at LCF and were working as transportation officers. (*Id.*) Plaintiff claims that he informed Rhinard that his rejected grievance was never docketed, that he never received a grievance file number, and that the accident did not happen at the Jackson correctional facility. (*Id.*) On October 7, 2025, Plaintiff sent a letter to the Jackson correctional facility "RGC" explaining that he had to file a grievance at RGC because LCF claimed it did not have jurisdiction. (*Id.*, PageID.9.) The RGC grievance coordinator, non-party "Unknown Siegmann," rejected Plaintiff's grievance as untimely. (*Id.*) Plaintiff appealed the grievance at step II and mailed it to Siegmann, but Plaintiff never received an answer. (*Id.*) On December 1, 2025, Plaintiff mailed a step III appeal to "the Director['s] office," explaining that he never received an answer to his step II grievance appeal. (*Id.*, PageID.10.) Plaintiff asserts that the Director's office staff did not investigate why non-party Siegmann never answered Plaintiff's step II grievance. (*Id.*) Plaintiff alleges that non-parties Rhinard and Siegmann conspired to cover up and protect Defendants Collins and Mohammad by retaliating and preventing Plaintiff from timely filing a grievance. (*Id.*, PageID.11.)

On December 28, 2025, Plaintiff alleges Defendant Ahmed filed a false misconduct against Plaintiff for insolence "because [Ahmed's] assault charge would not stick," and Plaintiff claims this was in retaliation for Plaintiff filing a grievance regarding the van accident. (*Id.*, PageID.10.) Plaintiff states that Defendant Ahmed also "tried to force [Plaintiff] into dropping the grievance." (*Id.*, PageID.18.) Further, Plaintiff asserts that, when he filed a body camera footage request form "for [Plaintiff's] misconduct hearing," Defendant McLain issued Plaintiff a class one misconduct ticket for "interference with the administration rules" in retaliation. (*Id.*, PageID.11.)

On April 8, 2026, Plaintiff states that he was transported from Duane Water Medical Facility back to LCF. (*Id.*, PageID.27.) Plaintiff asked the transportation officer, non-party Unknown Yates, to fasten Plaintiff's seatbelt because he had been in a previous accident. (*Id.*) Plaintiff avers that Yates refused to fasten Plaintiff's seatbelt. (*Id.*)

As relief, Plaintiff seeks compensatory, nominal, and punitive damages. (*Id.*, PageID.20.)

## II. Misjoinder

### A. Joinder

Federal Rule of Civil Procedure 20(a) limits the joinder of parties in a single lawsuit, whereas Federal Rule of Civil Procedure 18(a) limits the joinder of claims. Rule 20(a)(2) governs when multiple defendants may be joined in one action:

> [p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

Fed. R. Civ. P. 20(a)(2). Rule 18(a) states: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).

Courts have recognized that, where multiple parties are named, as in this case, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18. . . .
>
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.

7 Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1655 (3d ed. 2001), *quoted in Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009), *and Garcia v. Munoz*,

No. 08-1648, 2008 WL 2064476, at *3 (D.N.J. May 14, 2008); *see also United States v. Mississippi*, 380 U.S. 128, 142–43 (1965) (discussing that joinder of defendants is permitted by Rule 20 if both commonality and same transaction requirements are satisfied).

Therefore, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor*, 661 F. Supp. 2d at 778 (internal quotation marks omitted). When determining if civil rights claims arise from the same transaction or occurrence, a court may consider a variety of factors, including, "the time period during which the alleged acts occurred; whether the acts . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations." *Id.* (citation omitted).

The Seventh Circuit has explained that a prisoner like plaintiff may not join in one complaint all of the defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produce[s] but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g) . . . .
>
> A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Brown v. Blaine*, 185 F. App'x 166, 168–69 (3d Cir. 2006) (discussing how allowing an inmate to assert unrelated claims against new

defendants based on actions taken after the filing of his original complaint would have defeated the purpose of the three strikes provision of PLRA).

Under these circumstances, to allow Plaintiff to proceed with improperly joined claims and Defendants in a single action would permit him to circumvent the PLRA's filing fee provisions and allow him to avoid having to incur a "strike" for purposes of § 1915(g), should any of his claims be dismissed as frivolous or for failure to state a claim. Courts are therefore obligated to reject misjoined claims like Plaintiff's. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

Here, Defendant Collins and Defendant Mohammad are the first Defendants named in the caption and in the factual allegations of the complaint. (*See* Compl., ECF No. 1, PageID.1, 6.) Plaintiff alleges that both Defendant Collins and Defendant Mohammad were involved in the September 26, 2025 incident where Plaintiff was injured in a van while being transported between facilities. (*Id.*, PageID.6.) Plaintiff's complaint details subsequent, discrete events involving Defendant Ahmed and Defendant McLain in which Plaintiff claims Defendants Ahmed and McLain retaliated against Plaintiff for filing a grievance regarding the September 26, 2025 van incident. (*Id.*, PageID.10–11.) Although Plaintiff believes that the alleged acts of retaliation were related to the September 26, 2025 van incident, Plaintiff's subjective belief and interpretation of events do not transform separate events into events that arise out of the same transaction or occurrence. Under these circumstances, the Court concludes that Plaintiff has improperly joined Defendant Ahmed and Defendant McLain to this action.

**B. Remedy**

Because the Court has concluded that Plaintiff has improperly joined Defendant Ahmed and Defendant McLain to this action, the Court must determine an appropriate remedy.

Under Rule 21 of the Federal Rules of Civil Procedure, "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Instead, Rule 21 provides two remedial

options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 572–73 (2004) ("By now, 'it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time . . . .'" (citation omitted)); *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006); *see also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) ("[D]ismissal of claims against misjoined parties is appropriate."). "Because a district court's decision to remedy misjoinder by dropping and dismissing a party, rather than severing the relevant claim, may have important and potentially adverse statute-of-limitations consequences, the discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is 'just.'" *DirecTV*, 467 F.3d at 845.

At least three judicial circuits have interpreted "on such terms as are just" to mean without "gratuitous harm to the parties." *Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)); *see also DirecTV*, 467 F.3d at 845. Such gratuitous harm exists if the dismissed parties lose the ability to prosecute an otherwise timely claim, such as where the applicable statute of limitations has lapsed, or the dismissal is with prejudice. *Strandlund*, 532 F.3d at 746; *DirecTV*, 467 F.3d at 846–47.

Plaintiff brings this action under 42 U.S.C. § 1983. For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(2); *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). Here, Plaintiff's complaint involves events that occurred in 2025 and 2026. (*See generally* Compl., ECF No. 1.) Plaintiff's complaint provides no

indication that the statute of limitations has or will run on Plaintiff's claims against Defendants Ahmed and McLain, and Plaintiff has provided no basis for this Court to conclude that he would suffer gratuitous harm if his claims against Defendants Ahmed and McLain are dismissed without prejudice.

Accordingly, the Court will exercise its discretion under Rule 21 and drop Defendants Ahmed and McLain because they are misjoined. The Court will dismiss Plaintiff's claims against these Defendants without prejudice.[3]

## III. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer

[3] Plaintiff is advised that any new civil actions in this Court must be filed on the form provided by this Court, see W.D. Mich. LCivR 5.6(a), and at the time of filing his complaint, Plaintiff must pay the required filing fees or apply in the manner required by law to proceed in forma pauperis. As fully discussed in this opinion, Plaintiff is cautioned that he must limit all future actions to Defendants and claims that are transactionally related to one another. The Court may, in its discretion and without further warning, dismiss any future complaint, or part thereof, filed by Plaintiff that contains claims that are misjoined.

possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

With respect to properly joined Defendants Collins and Mohammad, the Court construes Plaintiff's complaint to raise denial of medical care claims under the Eighth Amendment and state law claims. It appears Plaintiff intends to bring claims against non-parties as well, including due process claims under the Fourteenth Amendment, civil conspiracy claims, and state law claims.

## IV. Eighth Amendment Denial of Medical Care Claims

Plaintiff alleges that Defendants Collins and Mohammad were deliberately indifferent to Plaintiff's medical needs when they refused to call an ambulance following the van accident.

In order for a prisoner to state an Eighth Amendment claim for denial of medical care, the prisoner must show that he faced a sufficiently serious risk to his health or safety and that defendants acted with "'deliberate indifference' to inmate health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The

deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834. To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Here, Plaintiff asserts that he was thrown headfirst into plexiglass when Defendant Collins slammed on the brakes of the transport van while transporting Plaintiff to LCF. (Compl., ECF No. 1, PageID.6.) Plaintiff states that he requested an ambulance because he had abdominal pain and other unspecified "medical problems." (*Id.*) However, Plaintiff alleges that Defendants Collins and Mohammad refused to call an ambulance and did not take any steps to render aid. (*Id.*, PageID.6–7.) Thereafter, Plaintiff asserts Defendants Collins and Mohammad caused Plaintiff to have more stomach pain when they put him back in his seat and fastened his seatbelt while Plaintiff was in belly chains. (*Id.*, PageID.6.) Plaintiff was later seen by medical staff at LCF and taken to the hospital, where Plaintiff was told he had a concussion and a hernia. (*Id.*, PageID.7.) Plaintiff also claims he suffered unspecified injuries to his back and shoulder. (*Id.*, PageID.20.)

Although Plaintiff's allegations lack some specificity, at this stage of the proceedings, the Court must take Plaintiff's allegations as true and in the light most favorable to him. Under these circumstances, although Plaintiff has by no means proven his Eighth Amendment claims, the Court

will not dismiss Plaintiff's Eighth Amendment claims against Defendants Collins and Mohammad at this time.

**V. State Law Claims**

Plaintiff asserts that Defendants Collins's and Mohammad's failure to fasten Plaintiff's seatbelt was a civil infraction under Michigan law. (Compl., ECF No. 1, PageID.17.) However, "a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Therefore, Plaintiff's request in this §1983 action to bring state civil infraction charges against Defendants is frivolous and fails to state a claim for which relief can be granted. Accordingly, Plaintiff's state law claims will be dismissed.

**VI. Non-Parties Referenced in Complaint**

In Plaintiff's complaint, he describes the actions of several non-parties at LCF and RGC, and he raises First Amendment, Fourteenth Amendment, civil conspiracy, and state law claims against these non-parties. (*See* Compl., ECF No. 1, PageID.8–11, 27.)

Federal Rule of Civil Procedure 10(a) requires that a plaintiff "name all of the parties" in "[t]he title of the complaint." Fed. R. Civ. P. 10(a). Further, this Court has previously concluded that "[o]nly those individuals and entities identified in the caption of the complaint are properly considered defendants in an action, regardless of the complaint's other contents or allegations." *Jones v. Smith*, No. 1:10-cv-568, 2012 WL 726665, at *1 (W.D. Mich. Feb. 1, 2012), *R & R adopted*, 2012 WL 726621 (W.D. Mich. Mar. 6, 2012); *see also Brown v. Mich. Dep't of Corr.*, No. 1:22-cv-16, 2022 WL 2900888, at *1 n.2 (W.D. Mich. Jul. 22, 2022) (concluding that corrections officers identified as defendants in a particular count of the complaint, but not named in the caption or in the form complaint "list of parties" were not parties to the action).

Plaintiff raises claims alleging that several non-parties at LCF and RGC interfered with Plaintiff's Fourteenth Amendment right to due process by failing to docket, investigate, or respond

to Plaintiff's grievances. (*See* Compl., ECF No. 1, PageID.8–11.) Plaintiff claims that these non-parties conspired to retaliate against Plaintiff in violation of Plaintiff's First Amendment rights by preventing him from filing a timely grievance. (*Id*., PageID.11.) Further, Plaintiff raises another state law claim against a non-party for failing to fasten Plaintiff's seatbelt during a subsequent transportation from a medical facility to LCF in 2026. (*Id*., PageID.27.) However, all of these claims involve LCF and RGC staff that are not named as defendants. Fed. R. Civ. P. 10(a). Accordingly, any intended claims against the non-party individuals discussed in the complaint will be dismissed for failure to state a claim upon which relief may be granted.

## Conclusion

The Court will grant Plaintiff leave to proceed *in forma pauperis*. For the above-noted reasons, pursuant to Rule 21 of the Federal Rules of Civil Procedure, the Court will drop as misjoined Defendant Ahmed and Defendant McLain. The Court will dismiss Plaintiff's claims against these Defendants without prejudice.

Further, having conducted the review required by the PLRA, the Court determines that Plaintiff's state law claims against Defendants Collins and Mohammad will be dismissed as frivolous and for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). And Plaintiff's First Amendment, Fourteenth Amendment, civil conspiracy, and state law claims against non-parties will be dismissed without prejudice for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's Eighth Amendment claims against Defendants Collins and Mohammad remain in the case.

An order consistent with this opinion will be entered.

Dated: October 2, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge